### JAMES FINEGAN, PLAINTIFF IN ERROR, v. MARGARET MOORE, DEFENDANT IN ERROR.

A contractor who was digging a trench for water pipes in a street of a city left a " bench " or " brace," part of the street, apparently for a crossing, but designed to support the sides of the trench.   *Held*, that he was under the circumstances bound to see to it that it was as safe for a crossing as reasonable care would make it.   *Also*, that it was not error to refuse to charge that if the bench gave way under a person crossing there, whereby such person was injured, there would be no liability if the giving way was caused by there being a boulder there not known to the contractor.   *Held, also*, that where the court on a trial orders that the declaration be amended it will be regarded in this court as amended accordingly.

In error to Passaic Circuit Court.

For the plaintiff in error, *J. W. Griggs.*

For the defendant in error, *Z. M. Ward.*

The opinion of the court was delivered by

THE CHANCELLOR.   The action in this case was for damages for injury to Mrs. Moore, the defendant in error, by

Finegan v. Moore.

falling into an excavation made by Mr. Finegan, the plaintiff in error, for the laying of water pipes in one of the streets of Paterson. He was a contractor doing the work for the Passaic Water Company. In making the excavation he left a "brace" or "bench" crosswise of the trench, between two cross streets, to support the sides of the trench. The brace or bench was part of the street which was left undisturbed at the surface, but was narrowed at the bottom of the trench, the more readily to make a passage through it there for the pipe. Mrs. Moore having occasion to cross the street at night, attempted to cross by walking on the bench or brace. It gave way and she fell into the trench, and so received the injury which was the ground of the suit. At the trial the counsel of Finegan in substance requested the court to charge the jury that if Finegan did not leave the brace to be used as a crossing there would be no liability on his part. The court refused to do so—and correctly. Finegan was bound, under the charter of the company (*Pamph. L.* 1849, *p.* 50,) not to obstruct the street unnecessarily in doing the work, and such was his duty irrespective of the provisions of that instrument; and if he left a part of the surface of the street in the line of the trench undisturbed and apparently for a crossing, though intended for a brace only, he was bound to see to it that it was as safe as reasonable care would make it.

There was also a request to charge that if the earth of the crossing gave way under Mrs. Moore, by reason of there being a boulder there not known to Finegan, she could not recover. The judge properly refused. To have so charged would have ignored the necessity of care in view of the character of the ground, and would have gone far to relieve Finegan from liability for injury arising from the unsafe form—smaller at the bottom than at the top—in which he may have left the bench or crossing.

It is not claimed that there was error in the refusal to charge that Finegan was under no obligation to leave crossings in the trench except at the street cross-walks, but it is urged that the judge went too far in saying in that connection that

Finegan might have been under obligation to leave crossings elsewhere. There was no error in that statement; and, besides, it was addressed not to the jury but to the counsel.

The declaration was, by direction of the court, considered as amended at the trial so as to conform to the facts of the case as proved, but it was not in fact amended. It is by no means clear that there was any necessity for any amendment. But if there was there can be no question that the judge had authority to direct that it be made. It is urged, however, that inasmuch as the amendment was not in fact made, the case is to be considered here with reference to the declaration as it stood originally. It is enough to say that this court will itself amend pleadings if necessary, in order to sustain a correct result reached below. *American Life Insurance Co.* v. *Day*, 10 *Vroom* 89; *Ware* v. *Millville Fire Insurance Co.*, 16 *Vroom* 177. There is no error in the record.

The judgment under review should therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, KNAPP, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON, WHITAKER. 12.

*For reversal*—None.